■ In the Matter of CONSTANCE HATFIELD, Petitioner, v. ABE LAVINE, as Commissioner of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination dated October 10, 1972, of the respondent, the Commissioner of the Department of Social Services of the State of New York, after a fair hearing. The State Commissioner affirmed a denial by the respondent Kurtis as Commissioner of Department of Social Services of Westchester County, of petitioner's request for furniture for her apartment in White Plains, New York. The proceeding was transferred to this court by order of the Supreme Court, Westchester County, dated March 21, 1973. Determination annulled without costs and respondents directed to forthwith issue to petitioner a special grant for items of furniture. Petitioner requested a special grant to purchase furniture because her husband had removed all the furniture from her apartment. The State Commissioner affirmed a denial by the Department of Social Services of Westchester County of her request for furniture for her apartment. In our opinion, the refusal to make this grant was an improvident exercise of discretion (Social Services Law, § 350-j; 18 NYCRR 352.7; cf. *Matter of Thomas* v. *Sipprell*, 69 Misc 2d 87; *Matter of Lorenzo* v. *Sipprell*, 68 Misc 2d 387; *Matter of Ross* v. *Sipprell*, 71 Misc 2d 677). Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.

■ In the Matter of RENEE KLEIN, Respondent, v. IRWIN KLEIN, Appellant.— Appeal from an order of the Family Court, Kings County, dated December 11, 1972, which directed the appellant to pay $95 per week for the support of the petitioner and their younger daughter. Order modified, on the law and the facts, so as to reduce the amount of support payable by appellant to $80 per week. As so modified, order affirmed, without costs. The upward modification of support was directed on the basis of an increase in the appellant's earnings (see *Matter of Handel* v. *Handel*, 32 A D 2d 946, affd. 26 N Y 2d 853; *Matter of Delli Veneri* v. *Delli Veneri*, 40 A D 2d 735). In our opinion that factor was offset by the fact that the elder daughter of the parties is emancipated and is no longer covered by the order of support in question, as she had been under the prior order. Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.